oTC

RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

MAR 1 3 2026

DANIEL J. McCOY, CLERK
BY:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DIVISION

LaNisha Brown
_____
Plaintiff

Civil No. 3:26-CV-0815

VS.
Concentrix Corporation
_____
Defendant

Judge
Magistrate Judge

**COMPLAINT**
**UNDER SECTION 706(f) OF THE CIVIL RIGHTS ACT OF 1964**

A. Describe in your own words the employment practices about which you are complaining, identifying the persons, companies, unions, agencies or bodies you say have engaged in such practices. Attach an additional sheet, if necessary.

See Attached Statement of Discriminatory Employment Practices.

_____

B. Have you filed with the Equal Employment Opportunity Commission (EEOC) a charge relating to such practices? Yes ☒        No ☐

C. Have you received from the EEOC a letter notifying you of your "right-to-sue" respecting such charges? Yes ☒    No ☐

If "Yes," attach a copy of such letter and notice, and state when you received same.

Date received: 1/13/2026

D. Have you received from the EEOC a copy of its determination with regard to your charges? Yes ☐    No ☒

If "Yes," attach a copy of such determination. Also, if you disagree with any of the EEOC's findings or conclusions, state why:

_____

E. Give any other information you desire to disclose which supports your claim of discriminatory employment practices.

See attached statement titled "Additional Information Supporting Claim of Discriminatory Employment Practices."

_____

Page **1** of **2**

*(Rev. 4/19/24)*

F.  Under penalty of perjury, I declare that the information given in this complaint is true and correct.

Date: __3/13/2026__

*La Nisha Brown*

LaNisha Brown, Plaintiff, Pro Se
_____
**(Signature)**

205 Walnut Drive
_____
**(Street Address or P.O. Box)**

West Monroe    La              71291
_____
**(City)            (State)    (Zip Code)**

318          _ 7893674
_____

_____
**(Witness)**

_____
**(Witness)**

**(Area Code)      (Telephone Number)**

Statement of Discriminatory Employment Practices

1. Plaintiff, **Lanisha Brown**, was employed by **Concentrix** and assigned to work on the **Intuit program**, where both entities exercised control over Plaintiff's supervision, work assignments, and working conditions.

2. During Plaintiff's employment, she was subjected to **race discrimination, sexual harassment, retaliation, and a hostile work environment.**

3. Individuals involved in the conduct described herein include Team Leads **Gaynelle Brown, Claudia Vallejo, Chuck Lewis, Stephen Gufford, and Whitney Dukes,** Manager **Deadra Pullins**, and coworker **Chris Ochoa.**

4. Beginning in early 2025, Plaintiff observed and experienced unequal treatment in the workplace. An internal group chat used by employees to request assistance and communicate work-related needs was used to monitor and scrutinize Black employees, including Plaintiff.

5. After Plaintiff raised concerns about this unequal treatment to Team Lead **Gaynelle Brown**, Plaintiff was subjected to disciplinary action related to the same communication process that non-Black employees engaged in without consequence.

6. On or about **February 2025**, Plaintiff received a verbal warning for alleged poor performance issued by Team Lead **Gaynelle Brown**, despite not having previously received performance counseling or disciplinary action.

7. Plaintiff informed management that she believed she was being singled out because of her **race** and in **retaliation** for raising concerns about discriminatory treatment.

8. On **April 3, 2025**, Plaintiff received a written disciplinary action issued by **Gaynelle Brown**. Plaintiff objected to and refused to sign the document because she believed it was inaccurate and discriminatory.

9. Following Plaintiff's complaints regarding discrimination, Plaintiff experienced increased scrutiny and additional disciplinary actions.

10. On **April 7, 2025**, Team Lead **Chuck Lewis** required Plaintiff to remain on duty past her scheduled end time of **8:00 p.m.**, while employees outside Plaintiff's protected class were permitted to log off as scheduled. This occurred despite Plaintiff having a family emergency and not being informed beforehand that she would be required to stay beyond her scheduled hours.

11. Plaintiff reported this incident to Team Lead **Claudia Vallejo** and Manager **Deadra Pullins**.

12. On **April 25, 2025**, while answering an incoming call on a recorded line during her shift, Plaintiff was subjected to **unwelcome sexual harassment** by a white male coworker who made sexually suggestive comments and moaning noises during the call. The conduct was unsolicited, unwelcome, and sexual in nature.

13. This incident caused Plaintiff significant distress and interfered with her ability to perform her job duties.

14. After reporting discrimination and unfair treatment, Plaintiff experienced

additional **retaliatory conduct**, including denial of assistance from Team Leads, interference with work performance, heightened scrutiny, and inconsistent enforcement of workplace policies.

15.   On **May 22, 2025**, Team Lead **Stephen Gufford** refused to provide Plaintiff assistance with a work template that other employees outside Plaintiff's race were permitted to use.

16.   On **May 27, 2025**, the same Team Lead directed Plaintiff to repeatedly ask a customer the same question in a manner that would likely harm Plaintiff's performance metrics.

17.   On **June 5, 2025**, Team Lead **Claudia Vallejo** pressured Plaintiff to sign coaching documents and indicated that management would question Plaintiff's refusal to sign them.

18.   On **June 12, 2025**, coworker **Chris Ochoa** repeatedly entered Plaintiff's active customer calls without request and interfered with Plaintiff's work in a manner that undermined her ability to assist customers. Plaintiff observed that this conduct was not directed toward employees outside her protected class.

19.   Plaintiff also reported that customers mocked her accent, called her "stupid," and engaged in verbal abuse. Despite reporting these incidents, management failed to take effective corrective action.

20.   Plaintiff's Team Lead also created an internal communication account using Plaintiff's last name ("Breanna Brown") and used it to send messages to Plaintiff. This conduct was unwelcome, intimidating, and served no legitimate business purpose. The timing occurred shortly after Plaintiff reported discrimination and hostile treatment.

21.   Plaintiff additionally observed workplace communications reflecting discriminatory attitudes, including a racial slur  referring to Black employees as **"red-headed stepchildren,"** which contributed to a hostile work environment.

22.   Despite Plaintiff's repeated complaints regarding discrimination, harassment, and retaliation, management failed to take prompt or effective corrective action.

23.   As a result of the conduct described above, Plaintiff experienced **emotional distress and an increasingly hostile work environment** that interfered with her ability to perform her job duties.

24.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.

25.   Plaintiff subsequently received a **Notice of Right to Sue dated January 13, 2026,** authorizing Plaintiff to bring this action.

26.   Plaintiff believes the actions described above constitute **race discrimination, sexual harassment, retaliation, and a hostile work environment** in violation of **Title VII of the Civil Rights Act of 1964.**

**Additional Information Supporting Claim of Discriminatory Employment Practices**

In further support of my claims of race discrimination, sexual harassment, retaliation, and hostile work environment in violation of Title VII of the Civil Rights Act of 1964, I state the following additional facts:

1. During my employment with Concentrix while assigned to the Intuit program, I experienced a pattern of disparate treatment compared to similarly situated employees outside my protected class. I was subjected to heightened scrutiny, disciplinary actions, and denial of assistance for conduct that other employees engaged in without consequence.

2. After I complained to management that I was being treated unfairly because of my race and objected to disciplinary write-ups that I believed were discriminatory, I engaged in protected activity under Title VII. Shortly thereafter, the adverse treatment intensified, including increased monitoring, additional disciplinary actions, and interference with my job performance.

3. Management personnel were aware of the discriminatory and retaliatory conduct but failed to take prompt and effective corrective action. Despite my written complaints to supervisory personnel, including Team Leads and management staff, the conduct continued.

4. I was subjected to a hostile work environment in which I was denied the same training, group guidance, assistance, and supervisory support routinely provided to employees outside my protected class. This differential treatment interfered with my ability to perform my job duties and negatively affected my performance metrics.

5. I was also subjected to unwelcome sexual harassment by a coworker during the course of my employment while performing my job duties on a recorded work call. The conduct was sexual in nature, unwelcome, and contributed to an intimidating and offensive work environment.

6. In addition to the conduct described above, I experienced repeated interference with my work performance by supervisors and coworkers after I engaged in protected activity. These actions included denying assistance, providing instructions likely to harm my performance metrics, and undermining my ability to effectively assist customers.

7. Management's response to my complaints was inadequate. In some instances, individuals involved in discriminatory conduct were only temporarily removed from communication channels and later reinstated, after which the discriminatory and retaliatory conduct continued.

8. I also experienced racially insensitive remarks in the workplace, including comments comparing certain employees to "red-headed stepchildren," which contributed to a racially hostile and offensive environment.

9. As a result of the harassment, discrimination, and retaliation I experienced, I suffered significant emotional distress and sought medical treatment from my physician.

10. I possess documentation supporting these allegations, including emails, written

communications, and other records demonstrating the discriminatory conduct, retaliatory actions, and hostile work environment.

11.   I filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in May 2025. The EEOC later issued a Notice of Right to Sue on January 13, 2026, and this action is being filed within the statutory ninety-day period.

12.   At all relevant times, I was employed by Concentrix and assigned to work on the Intuit program. Both entities exercised control over my work, supervision, and working conditions, and therefore acted as joint employers responsible for the discriminatory and retaliatory conduct described.

*(Rev. 4/19/24)*

## INSTRUCTIONS FOR FILING A LAWSUIT
## UNDER THE CIVIL RIGHTS ACT OF 1964 (EEOC 42:2000)

This is in response to your inquiry about a lawsuit you may wish to bring under Title VII of the Civil Rights Act of 1964. Under this law the Court is, upon application by a complainant, permitted to appoint an attorney for the applicant and to allow commencement of the action without prepayment of fees, costs or security.

Any such application is, at the direction of this Court, to be in writing and to be filed with this office. Forms for these applications are available upon request or on our website at (www.lawd.uscourts.gov).

You are cautioned that any lawsuit under Title VII to be brought by your or on your behalf must be filed within 90 days after receipt by your of the EEOC's "right-to-sue" notice. A delay on your part in filing an application for appointment of an attorney or waiver of prepayment of fees may result in loss of rights under Title VII.

The clerk will automatically refer any motions you submit in connection with your complaint to the appropriate judge or magistrate judge, and will promptly send you copies of any orders signed in response to your motions. If your case is allowed to be filed, the order will reflect a Civil Action number which you should provide with all future inquiries and pleadings.

If you need additional copies of this application form or further information, please advise this office.

Very truly yours,

DANIEL J. McCOY
Clerk of Court
300 Fannin Street, Suite 1167
Shreveport, LA 71101-1167
318-676-4273